IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

| | |
|---|---|
| MICHAEL D. KITCHEN<br>3743 Craig Avenue<br>Louisville, Kentucky 40214 | PLAINTIFF |
| v. | Case No. 3:20-CV-307-DJH<br><br>Judge David J. Hale |
| BAYVIEW LOAN SERVICING, LLC<br>4425 Ponce de Leon Boulevard<br>Coral Gables, Florida 33146<br><br>SERVE:  Corporation Service Company<br>421 W. Main Street<br>Frankfort, Kentucky 40601<br>(BY CERTIFIED MAIL) | DEFENDANTS |

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Michael D. Kitchen, by counsel, and for his Verified Complaint against the Defendant, Bayview Loan Servicing, LLC ("Bayview"), states as follows:

### I. PRELIMINARY STATEMENT

1.  This is an action for negligent misrepresentation, fraud, and violation of Kentucky's Consumer Protection Act, KRS 367.170 *et seq.*, arising out of Bayview's attempt to charge Plaintiff for legal fees, including monies expended in settlement, in connection with Plaintiff's ex-wife's lawsuit against Bayview for violation of the Fair Credit Reporting Act.

### II. PARTIES

2. Plaintiff, Michael D. Kitchen, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 3743 Craig Avenue, Louisville, Kentucky 40214.

3. Defendant, Bayview, is a Florida limited liability company doing business in the Commonwealth of Kentucky with its principal place of business at 4425 Ponce de Leon Boulevard, Coral Gables, Florida 33146.

### III. JURISDICTION

4. This Court has jurisdiction over this action: (1) pursuant to 28 U.S.C. §1331; and (2) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

5. Prior to 2000, Plaintiff and his ex-wife, Kristie Hardin, were joint owners and mortgage holders of property located at 3743 Craig Avenue in Louisville. National City held the mortgage on the subject property.

6. Plaintiff and Ms. Hardin were divorced in 2000. At the time of the divorce, Ms. Hardin quitclaimed the subject property to Plaintiff.

7. In 2015, Plaintiff filed a bankruptcy petition in the Western District of Kentucky. During the bankruptcy process, Plaintiff reaffirmed the mortgage debt with Specialized Loan Servicing, which held the mortgage note at the time of the bankruptcy.

8. Upon information and belief, Specialized Loan Servicing assigned or sold the subject mortgage to Bayview at some point in 2015. Later in 2015, Ms. Hardin discovered that Bayview was reporting the alleged mortgage debt on Ms. Hardin's credit reports. In 2017, Ms. Hardin sued Bayview and the credit reporting agencies reporting for violation of the Fair Credit Reporting Act due to Bayview's and the CRAs' inaccurate reporting of her alleged liability for the mortgage.

9. Ms. Hardin, Bayview, and the CRAs settled Ms. Hardin's claims in 2017.

10. As of February 2020, Plaintiff had only a single $259.00 payment remaining in order to pay off the Bayview mortgage. When Plaintiff attempted to pay, however, Bayview refused his payment and, by correspondence dated March 16, 2020, that Plaintiff owed an additional $13,811.96 for an alleged "Recoverable Corporate Advance Balance". Upon information and belief, Bayview's alleged "Corporate Advance Balance" represents Bayview's settlement of and attorneys' fees incurred in connection with the litigation of Ms. Hardin's claims in 2017.

11. Bayview's addition of its alleged "Recoverable Corporate Advance Balance" to Plaintiff's mortgage account is fraudulent and nothing more than an eleventh-hour attempt to recover from Plaintiff for Bayview's unlawful activity in connection with the reporting of Ms. Hardin's alleged liability for the mortgage.

### V. CLAIMS

#### Fraud

12. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 11 as if fully set forth herein.

13. Bayview's representation to Plaintiff that Plaintiff owes the alleged "Corporate Advance Balance" to Bayview in addition to the remaining $259.00 of principal on the mortgage is false. Bayview intentionally made the false representation to Plaintiff in order to induce Plaintiff to rely on the truth of the representation.

14. Plaintiff relied on Bayview's false statement in attempting to determine his liability for the subject mortgage.

15. Bayview's fraudulent misrepresentation to Plaintiff entitles Plaintiff to compensatory and punitive damages therefor.

#### Negligent Misrepresentation

16. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

17. Bayview's representation to Plaintiff that Plaintiff owes the alleged "Corporate Advance Balance" to Bayview in addition to the remaining $259.00 of principal on the mortgage is false. Bayview negligently made the false representation to Plaintiff and Plaintiff relied on the truth of the representation in attempting to determine his liability for the subject mortgage.

18. Bayview's negligent misrepresentation to Plaintiff entitles Plaintiff to compensatory damages therefor.

### Violation of the CPA

19. Plaintiff hereby adopts and incorporates the allegations contained Paragraphs 1 through 18 as if fully set forth herein.

20. As hereinabove described, Bayview, by its false representation to Plaintiff regarding the alleged "Corporate Advance Balance," engaged in unfair, false, and deceptive acts and practices in the conduct of its business with Plaintiff in violation of the CPA.

21. Bayview's violation of the CPA entitles Plaintiff to compensatory, consequential, and punitive damages therefor, and to an award of Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Michael D. Kitchen, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/s/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
331 Townepark Circle, Ste. 100-C
Louisville, KY 40243
(Tel) 502.443.1060
(Fax) 502.589.3004
hemmingerlawoffice@gmail.com

## VERIFICATION

I, Michael D. Kitchen, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Michael D. Kitchen

COMMONWEALTH OF KENTUCKY )
                         ) SS
COUNTY OF JEFFERSON      )

Subscribed, sworn to and acknowledged before me by Michael D. Kitchen this 28 day of April, 2020.

_____
Notary Public RHONDA ROSBOTTOM

Commission expires: March 28, 2022